**SKLAR LAW, LLC**
1200 Laurel Oak Road, Suite 102
Voorhees, NJ 08043
Tel: (856) 258-4050
Andrew Sklar (AS-3105)
*Attorneys for Andrew Sklar, Chapter 7 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Sklar Law, LLC**
1200 Laurel Oak Road, Suite 102
Voorhees, NJ 08043
Tel: (856) 258-4050
Andrew Sklar (AS-3105)
*Attorneys for Andrew Sklar, Chapter 7 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| KONSTANTINE HARRY ZOGRAFOS | : | Case No. 16-30885-ABA |
| Debtor | : | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO APPROVE SETTLEMENT AGREEMENT BETWEEN ANDREW SKLAR, AS CHAPTER 7 TRUSTEE OF KONSTANTINE HARRY ZOGRAFOS AND ANTHONY WEHBE AND SOZA CLINIC**

Andrew Sklar, as chapter 7 trustee (the "Trustee") of Konstantine Harry Zografos. ("Debtor"), by and through his attorneys, Sklar Law, LLC, hereby submits this motion (the "Motion") for entry of an order (the "Order") approving the settlement between the Trustee and Anthony Wehbe and Soza Clinic (the "Settlement") as set forth in the Notice of Proposed Settlement of Controversy attached hereto as **Exhibit A**. In support of this Motion, the Trustee respectfully represents as follows:

3365815

## BACKGROUND

1.  On October 31, 2016 (the "Petition Date"), the Debtor filed a voluntary petition under chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court").

2.  On November 1, 2072, the Office of the United States Trustee appointed the Trustee as chapter 7 trustee, which appointment remains in effect.

3.  Pre-petition, the Debtor filed a complaint against Wehbe and Soza seeking recovery of approximately $175,000.00 which he alleged was owed to him for contributions made to Soza. This complaint was ultimately dismissed by the Superior Court, which felt that the matter was required to go to arbitration. The Debtor appealed this ruling to the Appellate Division, said appeal still pending on the Petition Date.

4.  The Trustee and Wehbe have agreed to settle the appeal and issues relating to the state court litigation pursuant to the terms set forth in the Notice of Proposed Settlement of Controversy filed with this court.

5.  Pursuant to the Settlement, the estate is to receive $20,000.00 from Wehbe in full settlement of all claims the Debtor had against Wehbe and Soza.

6.  The Trustee brings this Motion requesting entry of the proposed Order to approve the Settlement.

## JURISDICTION AND VENUE

7.  This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

## RELIEF REQUESTED AND BASIS THEREFOR

8.  By this Motion, the Trustee respectfully requests the entry of an Order, pursuant

to sections 105(a) and 363 of the Bankruptcy Code and Bankruptcy Rule 9019(a), approving the Trustee's entry into the Settlement. Per the terms of the Settlement, the estate will receive $20,000.00 from the state court Defendants while eliminating the uncertainty, expense and delay of the further litigation.

**I.  The Relevant Legal Standard.**

9. Section 363(b)(1) of the Bankruptcy Code provides that the trustee "after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate" and is the statutory basis governing settlement agreements. 11 U.S.C. § 363(b)(1*); see also Myers v. Martin* (*In re Martin*), 91 F.3d 389, 394 n.2 (3d Cir. 1996). Section 105(a) of the Bankruptcy Code provides, in pertinent part, that the "[c]ourt may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a). Bankruptcy Rule 9019 governs the procedural prerequisites to approval of a settlement and provides, in relevant part, that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019 (a).

10. Sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019(a) empower a bankruptcy court to approve a proposed compromise and settlement when it is in the best interests of the debtor's estate and its creditors. *See In re Marvel Entm't Group, Inc.*, 222 B.R. 243, 249 (D. Del. 1998). "To minimize litigation and expedite the administration of a bankruptcy estate, '[c]ompromises are favored in bankruptcy.'" *In re Martin*, 91 F.3d at 393; *see also, In re Nutraquest, Inc.*, 434 F.3d 639, 644 (3d Cir. 2006). In essence, a court will approve a settlement when it is fair and equitable and in the best interests of the estate. *Key3Media Group, Inc. v. Pulver.com, Inc.*, 336 B.R. 87, 93 (Bankr. D. Del. 2005).

11. In assessing whether a settlement proposed by a trustee should be approved,

courts are not supposed to have a "mini-trial" on the merits, "but should canvass the issue to see whether the settlement falls below the lowest point in the range of reasonableness." *In re Jasmine, Ltd.*, 258 B.R. 119, 123 (D.N.J. 1999) (emphasis added) (citations and quotations omitted). Furthermore, the Third Circuit has also "noted that a court deciding whether to approve a settlement in bankruptcy 'relies heavily on the trustee,' and under normal circumstances the court would defer to the trustee's judgment so long as there is a legitimate business justification." *Jasmine*, 258 B.R. at 123 (*quoting In re Martin*, 91 F.3d at 395). Indeed,

> [t]he lenient standards concerning approval of settlements and a limited scope of review reflect the considered judgment that little would be saved by the settlement process if bankruptcy courts could approve settlements only after an exhaustive investigation and determination of the underlying claims. The applicable standards encourage courts to approve settlements in bankruptcy proceedings and related actions.

*In re Purofied Down Products Corp.,* 150 B.R. 519, 522-23 (S.D.N.Y. 1983).

12. The Third Circuit has set forth a four factor analysis to determine whether a court should approve a proposed settlement agreement reached by a trustee with another party. *In re Martin*, 91 F.3d at 393. Those factors are:

    a. The probability of success in litigation;
    b. The likely difficulties in collection;
    c. The complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and
    d. The paramount interest of the creditors.

*Id.*

## II. Application of the Relevant Legal Standard to the Settlement Agreement.

### (A) The probability of success in litigation.

13. Because the Debtor's complaint has already been dismissed at the trial court level, the estate would first have to win the pending appeal, just to have the opportunity to pursue the litigation further. Even if successful in the appeal, the Trustee recognizes that there is always

4

some risk in any litigation.

14. While the Debtor's claims are significant, they are susceptible to various defenses and counterclaims, including the Debtor's alleged attempt to open a competing business. Therefore, the success of the lawsuit, even if reinstated by the Appellate Division, is uncertain.

**(B)** **The likely difficulties in collection.**

15. If the Trustee is successful in litigation, collection would not appear to be an issue in this case.

16. In short, it seems at this time the financial position of the defendants will not be an issue but the future is always uncertain. What is clear however, is that the approval of the Settlement places $20,000.00 in the Trustee's possession and will be available to the chapter 7 estate upon approval of this Motion.

**(C)** **The complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it.**

17. The state court litigation involves many complex factual and legal issues. Aside from the issues relevant to the underlying causes of action, the pending appeal has created another layer of complexity, expense, inconvenience and delay. If and when the Appeal is successful, the litigation promises to be long and highly contested, necessitating extensive discovery, whereby the estate would be forced to incur significant legal fees. Given the complex nature of the litigation, the Trustee believes the cost and expense of continued litigation outweighs any perceived benefit.

**(D)** **The paramount interest of the creditors.**

18. The Settlement provides a fixed distribution to the chapter 7 estate now, rather than an uncertain amount (if any) that may only come after protracted litigation. The creditors of the Debtor's estate are best served by having $20,000.00 placed with the Trustee given the

5

substantial risk that there will otherwise be no recovery.

19.    In short, the Settlement Agreement provides many benefits to the estate; primarily, $20,000.00 and certainty. Accordingly, the Settlement Agreement does not come close to "fall[ing] below the lowest point in the range of reasonableness" and should therefore be approved. *See Jasmine,* 258 B.R. at 123 (citations omitted).

## CONCLUSION

For the foregoing reasons, the Trustee respectfully requests that the Court enter an Order (i) approving the Settlement and (ii) granting such other and further relief as is just and proper.

Dated: February 8, 2017            Respectfully submitted,

**SKLAR LAW, LLC**
*Attorneys for Andrew Sklar, Chapter 7 Trustee*

By:    */s/ Andrew Sklar*
         Andrew Sklar, Esq. (AS-3105)

3365815